UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIAN ERNESTO PALACIOS-MUNOZ,

Petitioner,

v. Case No. 2:26-cv-2974-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Julian Ernesto Palacios-Munoz is currently detained by U.S. Immigration and Customs Enforcement. He received a bond hearing on September 24, 2026. (Doc. 10-1 at 5.) He now claims that his detention violates the Fifth Amendment. (Docs. 1, 2.)[1] The Government opposes the petition. (Doc. 10.)

This is Palacios-Munoz's second petition. *See Palacios Munoz*, No. 2:26-cv-2593-KCD-KRH. The prior case was dismissed because the Court did not have jurisdiction to review the bond decision. The same result applies here. The Court does not have jurisdiction to overturn the immigration judge's bond decisions. *See* 8 U.S.C. § 1226(e). Palacios-Munoz has avenues available

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e). But this Court does not sit in appellate review of the bond hearing, which is primarily what Palacios-Munoz asks. *See Guerrero v. Decker*, No. 19-CV-8092 (RA), 2019 WL 5683372, at *6 (S.D.N.Y. Nov. 1, 2019); *Mugiraneza v. Whitaker*, No. 6:19-CV-06140-MAT, 2019 WL 2395316, at *5 (W.D.N.Y. June 6, 2019) ("District courts sitting in habeas review therefore have no jurisdiction to review an IJ's discretionary decision denying bond."). Nor has Palacios-Munoz shown any constitutional deficiency with the bond hearing beyond mere speculation. (Doc. 10-1 at 5.)

Finally, the Court does not consider Palacios-Munoz's inadequate medical care claim. Challenges to conditions of confinement are not appropriately raised in the habeas context. *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement.").

Because Palacios-Munoz has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on November 16, 2026.

Kyle C. Dudek
United States District Judge